FILED
SUPERIOR COURT
OF GUAM

2023 DEC 13 PM 4: 58

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0005-23**<br>GPD Report No.: 22-06966/23-00115 |
| vs. | DECISION AND ORDER RE.<br>DEFENSE COUNSEL'S MOTION TO<br>WITHDRAW DUE TO INCOMPETENCE |
| **RUEBEN JAMES TORRES RIVERA,**<br>DOB: 12/28/1995 | |

## INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on September 18, 2023, for a hearing on the Motion to Withdraw Due to Incompetence (the "Motion") filed by Attorney Michael Berman as court-appointed counsel (hereinafter "Defense Counsel" or "Attorney Berman") to Defendant Rueben James Torres Rivera (hereinafter "Defendant"). Defendant was present via Zoom with Attorney Berman and present for the People was Assistant Attorney General Christine S. Tenorio. Following the hearing, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001. After considering the pleadings on file and having heard oral arguments, and after reviewing the applicable statutes and case law, the Court now issues this Decision and Order DENYING Defense Counsel's Motion.

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page 1 of 12

## FACTUAL & PROCEDURAL BACKGROUND

The Defendant is charged with the following offenses: 1) First Degree Criminal Sexual Conduct (As a First Degree Felony), 2) Second Degree Criminal Sexual Conduct (As a First Degree Felony), 3) Third Degree Criminal Sexual Conduct (As a Second Degree Felony), 4) Fourth Degree Criminal Sexual Conduct (As a Third Degree Felony), and 5) Possession of a Schedule II Controlled Substance (As a Third Degree Felony). *See* Indictment (Jan. 12, 2023). Attorney Berman was appointed to represent Defendant on January 5, 2023. *See* Ntc. of Court Appointed Counsel (Jan. 5, 2023). At the Magistrate's Hearing on January 6, 2023, Attorney Frankie Perez[1] appeared on behalf of Defendant and he appeared again on Defendant's behalf at the continued Magistrate's hearing on January 9, 2023. See Magistrate's Hrg. (Jan. 6, 2023); Magistrate's Hrg. (Jan. 9, 2023). At no time did Attorney Perez raise the issue of his ability to competently represent the Defendant during previous hearings.

On January 19, 2023, during the Defendant's Arraignment Hearing, Attorney Perez appeared on Defendant's behalf and entered a plea of Not Guilty by Reason of Mental Illness ("NGRI") and, as a result, Magistrate Judge Benjamin C. Sison, Jr., ordered a forensic evaluation pursuant to 9 GCA § 7.22(d). *See* Arraignment Hearing Minutes (Jan. 19, 2023), and Order for Forensic Evaluation (Jan. 20, 2023). Subsequently, Dr. Juan Rapadas found the Defendant competent to be proceeded against and to be sentenced and opined that Defendant did not lack

---

[1] Attorney Frankie Perez ("Attorney Perez") is a member of Defense Counsel's law firm. On January 6, 2023, Attorney Perez appeared on behalf of Defendant during the Magistrate's hearing. *Minutes of Magistrate's Hrg. via Zoom* at 4:41:45 PM (Jan. 6, 2023).

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page 2 of 12

"substantial capacity" at the time of the incident to qualify for NGRI. *See* Forensic Evaluation (Feb. 13, 2023).

During the Competency Hearing on March 7, 2023 before this Court, neither Attorney Perez on behalf of Defendant nor Assistant Attorney General Grant Olan on behalf of the People contested Dr. Rapadas's findings; thus, the Court adopted the Forensic Evaluation Report as its own findings on Defendant's competency and substantial capacity. The Court then set the matter for trial. *See* Further Proceedings Hr'g Minutes at 09:31:34 AM (Mar. 7, 2023); Criminal Trial Scheduling Order (May 9, 2023). Among other deadlines set forth in the Trial Scheduling Order, the Court set the deadline for all motions as July 3, 2023.

Several months later, on August 8, 2023, during the Pre-Trial Conference and for the first time since the inception of the case, Attorney Perez and the Defendant requested the Court appoint him a new attorney. *See* Pre-Trial Conference Minutes at 09:39:49 AM (Aug. 8, 2023). The Court queried Defendant outside of the presence of Attorney Perez regarding why Defendant wanted new counsel to which he responded, "My attorney and I don't see eye-to-eye." *Id.* at 09:40:09 AM. However, when further questioned by the Court, it became clear that Defendant has never met with Attorney Berman and it was evident that Defendant was merely shopping around for a defense attorney of his *liking*. The Court then stated that, notwithstanding its initial finding that Defense Counsel is competent to represent the Defendant, that it would permit Defense Counsel to submit a written motion for the Court to address properly under the applicable Rules of Criminal Procedure and the Local Rules of the Superior Court of Guam. *Id.*, at 09:45:15 AM to 09:45:56 AM.

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page 3 of 12

On August 15, 2023, Defense Counsel filed the instant Motion setting forth the basis of his request as follows: Defense Counsel "fails to possess sufficient knowledge, skill, experience, training in criminal law and procedure, and for these and other reasons, is unable to provide competent representation of Defendant." *See* Mot. at 1. Defense Counsel states that the types of the charges in the above-captioned matter and the potential life sentence the Defendant may face "make[s] it of paramount importance that [the] Defendant be represented in this matter by counsel who are adequately experienced and familiar with felony criminal defense and therefore are able to provide effective counsel." *Id.*, at 2.

In support of its request, Attorney Berman argues that "[t]he criminal justice system requires that every defendant threatened with loss of liberty be represented at trial and on appeal by competent counsel." *Id.*, at 2 (citing *Zarabia v. Bradshaw*, 185 Ariz. 1, 912 P.2d 5 (Ariz. 1996)). Defense Counsel also cites to Professional Responsibility in Criminal Defense Practice 3d §9.8:

> "A lawyer shall provide competent representation to a client. Competent represent requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." This includes understanding "the benefits and risks associated with the technology relevant to the lawyer's practice." Also, the "mental, emotional, and physical well-being" of a lawyer is an element of competence. If a lawyer is not competent to handle a matter, the lawyer has a duty to refer the client elsewhere or to associate other counsel who is competent. Appointed counsel has a duty to bring his or her lack of competence, including lack of preparation, to the attention of the trial court. Lawyers have been disciplined for taking criminal cases which they were not competent to handle."

Attorney Berman filed a Declaration of Counsel and a Declaration of Defendant on August 15, 2023, in support of the Motion. In the Declaration of Defendant, Defendant stated that "[a]fter reviewing this case with Mr. Berman's office and coming to realize that Mr. Berman and

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page 4 of 12

his law firm do not practice criminal felony defense, and that he also lacks sufficient experience in these types of cases, I do not believe that Mr. Berman will be able to provide me with proper representation." *See* Decl. of Defendant at ¶ 6 (Aug. 15. 2023).

In his Declaration of Counsel, Defense Counsel stated that he has "been practicing law in Guam since 1989, and almost all of the legal matters that [he has] undertaken, appeared in, and currently handling are proceedings of a domestic, civil, or probate nature." *See* Decl. of Counsel at ¶ 6 (Aug. 15, 2023). Berman also stated that "due to [his] civil, domestic, and probate background and expertise, [he does] not practice criminal defense and decline and refer potential clients that request for criminal defense representation to other attorneys that regularly practice in criminal defense." *Id.*, at ¶ 7.

During the hearing, the following exchange occurred with respect to Mr. Berman's Motion to Withdraw:[2]

| COURT: | This matter is on for a hearing on the Motion filed by Mr. Berman, a Motion to Withdraw Due to Incompetence and together with a memorandum. I do note for the record a Declaration executed by Mr. Rivera also indicates that he is in support of the Motion, and Declaration of Counsel indicating that he was appointed on January 5 of this year, been practicing law since 1989, and ... uh ... also sets forth the practice in his, in his law firm. Alright, Mr. Berman in addition to ... was there any other argument in support of your Motion? Otherwise, the Court does have a couple of questions for you. * * * |
| MR. BERMAN: | Hello, your Honor. * * * Yeah, I just wanted to make a general comment. I can well appreciate the complexity of this situation and the resources available to the Court. Having said that, I still think my Motion is well-grounded, and the highest priority should be |

---

[2] *Hrg. on Motion* at 10:12:34 AM to 10:20:02 AM (Sep. 18, 2023).

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page 5 of 12

| | |
|---|---|
| | the best interest of the Defendant who's charged in this case. That's all I would say, your Honor. |
| COURT: | Alright, thank you. And I do note for the record that you've indicated in your declaration that your practice has been primarily focused on ... let me see, uh...civil, domestic, and probate, and you don't practice criminal defense, declined and refer potential clients, uh, forward criminal defense to other attorneys, and alright. And ... so you are the managing partner is that correct? Of Pacific Lawyers is that the name of the firm? |
| MR. BERMAN: | That is, that is correct, your Honor. |
| COURT: | Alright. And re there any other individuals, any attorneys who are part of that firm? |
| MR. BERMAN: | Yeah, but there's none in our firm that practices in this area of law. |
| COURT: | No, but, I'm sorry, just in general how many attorneys are in your firm? |
| MR. BERMAN: | We have five lawyers in the Guam law office. |
| COURT: | Okay. Alright and * * * who is the newest practicing attorney in the office? |
| MR. BERMAN: | I'm sorry your Honor. Your question again. |
| COURT: | Who is the newest practicing attorney in your office? The one with the least number of years of experience. |
| MR. BERMAN: | That's Frank. Yeah, uh, that's Frankie Perez and he's at this table right now if you'd like him to comment. |
| COURT: | Alright, and uh just a question as to how many years he has of uhm practice as an attorney, a licensed lawyer on Guam? |
| MR. BERMAN: | For Mr. Perez, that'll be three years, your Honor. I believe he law clerked for your office. |
| COURT: | Okay. He certainly did. Yes, he certainly did. |
| MR. BERMAN: | Thank you, your Honor. |
| COURT: | Thank you . . . oh, no worries . . . and then, for the most senior member of your firm, who would that be? Is that you, yourself? |
| MR. BERMAN: | Myself and also Mr. Bill Mann who still comes to the office, although I would describe him as semi-retired. |
| COURT: | Sure. And again, you've been licensed on Guam since 1989? |
| MR. BERMAN: | That is correct, your Honor. |
| COURT: | Alright, thank you. Alright, and your law firm ... does your law firm operate a website? |
| MR. BERMAN: | Yes, we do have a website. |

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page 6 of 12

| | |
|---|---|
| COURT: | Alright. On that website, does it indicate that you also practice in the area of criminal law specifically criminal defense? |
| MR. BERMAN: | Not to my knowledge, your Honor. I haven't looked at it in a couple of years, but I'm confident in guessing it it does not reference criminal law. |
| COURT: | Alright. I would go ahead and ask you just to double check that administratively because the website *does* indicate that your office does practice in several areas of law, including criminal defense ... right above family law, personal injury, and professional liability. * * * |
| MR. BERMAN: | Thank you, your Honor. I will check. |
| COURT: | Thank you. * * * So, your law firm or yourself were appointed January 5 in this case following uh the appointment of several other attorneys who had conflicts or potential conflicts. So, January 5, 2023 was your appointment date. Why was the Motion [to Withdraw] only filed in August? What was the reason for the delay? |
| MR. BERMAN: | I think that was because we had continued discussion with the criminal defendant and was based on that discussion and his belief and wish that this Motion was filed as late as it was. And to the extent it is late, I do apologize. |
| COURT: | Alright, thank you, Mr. Berman. |

* * *

## LEGAL ANALYSIS

Rule 1.16 of the Guam Rules of Professional Conduct dictates when counsel may withdraw from representation of a client and provides as follows:

Rule 1.16: Declining or Terminating of Representation

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the rules of professional conduct or other law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
(3) the lawyer is discharged.

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page 7 of 12

(b) except as stated in paragraph (e), a lawyer may withdraw from representing a client if:

    (1) withdrawal can be accomplished without material adverse effect on the interests of the client

    (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

    (3) the client has used the lawyer's services to perpetrate a crime or fraud;

    (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

    (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

    (7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Rules of Prof. Conduct, Rule 1.16, GU ST SUPER CT RPC Rule 1.16.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence." *See* U.S. Const. amend. VI. The Supreme Court of the United States has declared that the right to counsel is not a mechanical requirement, but includes "the right to effective assistance of counsel." *See Strickland v. Washington*, 466 U.S. 668, 684 (1984). Following this precedent, the Supreme Court of Guam has ruled that "[w]hile the constitutional guarantee of counsel is a fundamental right, a defendant is 'not entitled to a particular lawyer whom he can, in his view, have a 'meaningful attorney-client relationship'. Rather, a defendant is entitled to adequate and 'conflict free representation under

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page 8 of 12

the Sixth Amendment." *See People v. Libby*, 2021 Guam 27 ¶ 17 (citing *United States v. Moore*, 159 F.3d 1154-1157, 1158 (9th Cir. 1998) (quoting *Morris v. Slappy*, 461 U.S. 1, 3-4 (1983)).

### 1. Public Defender Service Corporation Attorney qualifications provide an objective measure of "adequate legal representation" of an indigent criminal defendant.

In determining what specifically constitutes "adequate" legal representation of an indigent criminal defendant, the Court turns to the qualifications of a Public Defender employed with the Public Defender Service Corporation, Government of Guam ("PDSC") for guidance. The *Public Defender Service Corporation Act of 1975* established PDSC "[i]n order to provide *effective* legal aid and assistance to those persons in Guam who are unable to afford counsel." 12 GCA § 11103 (emphasis added). The governing body of the PDSC is its Board of Trustees (12 GCA § 11107), which is charged with establish rules and regulations governing "selection, promotion, performance evaluation, among other criteria of its personnel, including its attorneys. 12 GCA § 11110(a). The Court finds that the standards set by the Public Defender Service Corporation Act of 1975 and the PDSC Board of Trustees provide an objective gauge in determining whether an attorney is adequately qualified to represent an indigent criminal defendant.

A Public Defender is deemed qualified to represent indigent criminal defendants with as little as zero to two years as an Attorney Level 1.[3] During the hearing on the Motion, Defense Counsel indicated that the attorney with the least number of years of practice in his law firm, which is three years, is Attorney Perez. An Attorney Level 2 at the PDSC is an attorney with over two and less than four years of "progressively responsible experience as a licensed attorney and

---

[3] https://guampdsc.org/wp-content/uploads/2018/06/Attorney-Level-2-JA-03-18.pdf

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page **9** of **12**

graduation from a law school accredited by the American Bar Association." The PDSC Attorney Level 2 "[h]andles a variety of moderate to serious legal matters and ability to resolve moderate cases with general supervision. Assists in preparation of more complex legal matters. Provides some guidance and mentoring to Level 1 attorneys, interns and externs. Provides guidance and mentoring to Level 1 attorneys and at times other Level 2 attorneys." *Id.* As evidenced by his representation of Defendant during his attendance during multiple magistrate's hearings and during the arraignment when he ably placed Defendant's mental state at issue, Attorney Perez (with three years of legal experience) is capable of providing Defendant with adequate legal representation in this case.

Attorney Berman, who has been practicing law on Guam since 1989, would qualify as a Level 4 Attorney in the PDSC. An Attorney Level 4 in the PDSC has eight or more years of progressively responsible experience as a licensed attorney and "handles core assignments at a complex level, and critically analyzes and handles complex legal matters. Responsible for preparing complex cases to litigation, initiating and challenging legal policies; counseling high level clients, leadership on complex cases and legal issues. Leads, guides and mentors attorneys on matters including more complex legal matters; is a resource in specialized matters."[4] As for "Necessary Special Qualifications" to serve as court-appointed counsel for indigent defendants, the PDSC does not require any special background in criminal law or practice for any of its Attorney positions from Level 1 to Level 4. Under "Necessary Special Qualifications," requirements include "possession of a current license to practice law in a state or territory of the

---

[4] https://guampdsc.org/wp-content/uploads/2018/06/Attorney-Level-4-JA-05-18.pdf

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page **10** of **12**

United States and a current certificate of good standing." No experience in criminal law is required for any level of attorney at the PDSC.

## 2. Defense Counsel is not incompetent to represent Defendant.

Based upon the representations in court during oral argument, the Court finds that Defense Counsel (whether Attorney Berman or Attorney Perez) is not incompetent to represent the Defendant in this matter. Mr. Berman has been a practicing attorney in Guam for over thirty (30) years, having started his Guam law practice in 1989. He is the managing attorney for his law firm Pacific Lawyers. The Pacific Lawyers website also indicates that the law firm practices in a plethora of practice areas, one of which *is criminal defense*.[5] During the hearing on the Motion, the matter of Mr. Berman's prior representation of another criminal defendant was raised by Assistant Attorney General Christine Tenorio.[6] Moreover, if Attorney Perez continued to appear on Defendant's behalf, the Court finds that evidence of Attorney Perez's competency to provide adequate legal assistance to the Defendant is evident on the record throughout the proceedings in which he has appeared on behalf of the Defendant.

## 3. The delay in filing the Motion to Withdraw is unjustified.

Although the Court has proceeded to rule on the instant Motion, Attorney Berman filed his Motion on August 15, 2023, over seven (7) months since being appointed as Defendant's

---

[5] Practice Overview. Criminal law is the body of law that relates to crime and criminal defense is the defense of those accused of committing a crime. Criminal law regulates social conduct and proscribes whatever is threatening, harmful, or otherwise endangering to the property, health, safety, and moral welfare of people. It includes the punishment of people who violate these laws. Member firms of Pacific Lawyers do not focus their practice on criminal defense but a number of the individual attorneys have *extensive experience in criminal law*. *Criminal Defense*, Pacific Lawyers (last visited Dec. 12, 2023, 9:30 AM), https://www.pacificlawyers.law/practice-areas/criminal-defense/ (emphasis is added).

[6] *Hrg. on Motion* at 10:12:34AM to 10:20:02 AM (Sep. 18, 2023).

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page 11 of 12

counsel on January 5, 2023. During that time, Attorney Perez, the newest practicing attorney of Pacific Lawyers represented Defendant at all criminal proceedings. When queried as to why the motion was filed over seven months after he was appointed to represent the Defendant, Defense Counsel's response was insufficient in justifying withdrawal. See, *supra.*

On the basis of the untimely filing alone, the Court could have denied the Motion; however, because Promulgation Order NO. 06-006-25 issued by the Guam Supreme Court on November 17, 2023, dictates the manner of the appointment of counsel for indigent clients for criminal felony and misdemeanor cases to include "Active members of the Guam Bar Association, <u>from a membership list as approved by the Supreme Court</u>,"[7] and because many of the active Guam Bar Association members on this list may claim to be incompetent based upon their practice focus, the Court finds it imperative to address its findings herein for future similar motions that might come before it.

## CONCLUSION

For the above reasons, Defense Counsel's Motion to Withdraw Due to Incompetence is **DENIED**.

**SO ORDERED** this 13th day of December, 2023.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

---

[7] *Re: Amendments to the Miscellaneous Rule 1.1.3 of the Local Rules of the Superior Court of Guam (Indigent Defense Rule),* PRM06-006-25 at 1 (Promulgation Order No. 06-006-25, Nov. 17, 2023).

*People of Guam vs. Rueben James Torres Rivera*
Criminal Case No. CF0005-23
Decision and Order re. Defense Counsel's Motion to Withdraw Due to Incompetence
Page **12** of 12
